[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the judicial district of Waterbury. Many of the facts that give rise to this action are not in dispute. The plaintiff whose maiden name is Josie Langlois and the defendant were married in Bristol, Connecticut on July 3, 1992. The plaintiff has resided continuously in the state of Connecticut for at least twelve months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are no minor children issue of this marriage and no minor children have been born to the plaintiff wife since the date of marriage of the parties. The plaintiff has received some form of assistance from the State of Connecticut.
The plaintiff has a rare form of a flesh eating disease that is similar to cancer. As a result of this, she does not have a nose and skin grafts are being used to build up her face. She is also legally blind since December 1, 1998. She was born October 1, 1970.
The plaintiff presently receives social security in the gross monthly amount of $633 and food stamps in the gross monthly amount of $135 for a total of $768 gross and a gross weekly amount of $178.60. She also receives a monthly state supplement of $113.
She has also recently been found eligible for Section VIII benefits which will result in her gross monthly rent of $650 being partially paid in the amount of $538 with the plaintiff having to pay the remaining balance of $112. She has outstanding liabilities to the New Britain Hospital in the amount of $600 and to her landlord in the amount of $9,100. She has personal property with an estimated value of $1,000. Her health insurance is through state assistance Title XIX. She has weekly expenses of $240.
The defendant was born on August 12, 1957.
The defendant has gross weekly income of $700 and net weekly income of $504 after deductions for federal income tax, FICA, state income tax and insurance. He has gross weekly expenses totaling $661.68. He has a Visa CT Page 3667 liability of $1,300, a Discover Card liability of $6,700, a Sears liability of $2,300, a MasterCard liability of $2,800, a Citgo liability of $120, and a personal loan liability of $10,000 for a total of $23,220. He owns a 1995 Ford for which there is no equity. He also owns a 1972 Starcraft boat with a value of $500. He has a nominal balance in his bank account and owns savings bonds totaling $100, which savings bonds are missing. He also owns a 14 foot aluminum boat with a value of $300 and a homemade trailer with a value of $100. He has a 401K plan with a value of $3,000.
The parties are in dispute as to the value of the family home located at 22 Cedar Point Road, Wolcott, Connecticut.
The family residence has been in the defendant's family since 1943. The court finds that it has a fair market value of $99,500 and a mortgage of $88,000 and an equity of $11,500. In order to save the residence from foreclosure, the defendant had to borrow $10,000 from Robert Mesik and he repays that loan at the rate of $175 per month at 6 1/4% interest. The plaintiff had exclusive possession of the family residence from January, 2000, to November, 2001. During that period of time, she did not contribute towards the mortgage, taxes or insurance for the family residence. The defendant paid all of the expenses relating to the family residence throughout the marriage.
This court has considered the provisions of § 46b-82 regarding the issue of alimony, and has considered the provisions of § 46b-81 (c) regarding the issue of property division, and has considered the provisions of § 46b-62 regarding the issue of attorney's fees. The court enters the following orders:
 ORDER
A. By way of dissolution
1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. By way of property orders
1. The court orders that the defendant return to the plaintiff a shotgun and two Adirondack chairs that he has in his possession. These items are to be returned within 30 days from the date this decision is filed to the office of the plaintiff's attorney.
2. The defendant in his request for proposed orders dated February 22, 2002, requests that the plaintiff return to him nine separate items. The CT Page 3668 only item that the plaintiff is aware of that she has is a ring. The court orders that that ring be turned over to the defendant. This item is to be returned within 30 days from the date this decision is filed to the office of the defendant's attorney. The court further orders that in the event any of the remaining items, are located by the plaintiff, they belong to the defendant and are to be turned over to him within a reasonable time after they are located.
3. All remaining personal property, furniture and fixtures in the possession of the plaintiff is awarded to the plaintiff, and all remaining items of personal property, furniture and fixtures in the possession of the defendant is awarded to the defendant.
4. The defendant is awarded the home located at 22 Cedar Point Road, Wolcott, Connecticut.
5. The plaintiff is awarded all of the defendant's interest in his 401K plan.
6. The parties own a family snow mobile which the court orders to be immediately sold and the proceeds from the sale to be divided equally between the parties.
7. There is an outstanding gas bill for the family home previously occupied by the plaintiff in the approximate amount of $300, part of which was incurred prior to the time the plaintiff vacated the residence. The defendant is to arrange to have the remaining gas drained and he is to receive whatever credit the gas company gives and is to be responsible for the full balance of the gas bill by agreement of the parties.
8. The plaintiff is to hold the defendant harmless for her outstanding liability to the New Britain Hospital and any outstanding liability she has to her landlord.
9. The defendant is to hold the plaintiff harmless for all liabilities shown on his financial affidavit dated March 5, 2002.
10. The 1999 Ford Ranger is awarded to the defendant. He is to hold the plaintiff harmless for the loan balance.
11. The 1972 Starcraft boat, 14 foot aluminum boat, and homemade trailer are all awarded to the defendant. Further, the balance that he has in his checking account is awarded to him.
C. By way of alimony CT Page 3669
1. The court orders that the defendant pay to the plaintiff alimony in the amount of $1 per year.
2. The court orders' the defendant to pay $1 per year alimony for the benefit of the State of Connecticut.
D. By way of attorney's fees
1. The defendant is ordered to pay to the plaintiff attorney's fees in the amount of $1,000. Those fees are to be paid at the rate of $80 monthly commencing May 1, 2002, and on the 1st day of each succeeding month until paid in full.
E. Miscellaneous Orders
1. Counsel for the plaintiff is to prepare the judgment file within thirty days and send it to counsel for the defendant for signature and filing.
2. In accordance with the stipulation of the parties of May 22, 2000, the defendant owes to the plaintiff the sum of $650. He is to pay her that amount by July 1, 2002.
____________________, JTR AXELROD